# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHLEEN NEVILLE, et al.,

      Plaintiffs,

v.                                      Case No. 07-2202-CM-DJW

DALE DENNIS, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Defendants Dale Dennis, the Kansas State Board of Education, and the Kansas State Department of Education ("Defendant") move the Court to dismiss Kathleen Neville as a plaintiff in this case due to a lack of standing (doc. 14). For the reasons stated below, the Motion to Dismiss is granted.

## Background

This case stems from an administrative complaint filed on June 14, 2006 by Kathleen Neville. The administrative complaint was filed with the Kansas State Board of Education (KSBE) and the Kansas State Department of Education (KSDE) under various provisions of the federal Individual with Disabilities in Education Act ("IDEA").[1] In the June 14, 2006 administrative complaint, Kathleen Neville alleged that her minor child, Robert, was denied a free and appropriate public education (FAPE) under the IDEA during the 2005-2006 school year. Relevant to the issues presented in the pending Motion to Dismiss, Robert Neville turned eighteen years-old on June 22, 2006, eight days after the administrative complaint was filed by his mother.

---

[1] 20 U.S.C. § 1411(e)(2)(B)(i); 20 U.S.C. § 1415(b)(6).

**Discussion**

Defendant asserts Kathleen Neville lacks standing to assert claims under the IDEA and implementing regulations Court because her rights in this regard transferred to Robert when he reached the age of majority. Plaintiffs disagree with this assertion and argue Kathleen Neville has standing to bring this lawsuit because (1) Robert was a minor during the time period he was allegedly denied a free and appropriate public education; and (2) the underlying administrative complaint was initiated by Kathleen Neville prior to Robert reaching the age of eighteen. The Court disagrees and finds Kathleen Neville no longer has standing to assert the claims set forth in this lawsuit.

There is no dispute that parents of children with disabilities enjoy their own procedural and substantive rights under the IDEA and that these parents can seek to enforce these rights *pro se*.[2] There is also no dispute that actions alleged by Plaintiffs against Defendants violate the rights of both parents and child under the IDEA. With that said, the IDEA specifically notes that a state "may provide that, when a child with a disability reaches the age of majority . . . all other rights accorded to parents under this subchapter transfer to the child."[3] Notably, Kansas is one of the states that has taken advantage of this provision. More specifically, K.S.A. 72-989 states as follows:

> When a person who has been determined to be a child with a disability reaches the age of 18, except for such a person who has been determined to be incompetent under state law:
>
> (a)  An agency shall provide to both the person and to the person's parents any notice required by this act;

---

[2] 20 U.S.C. § 1415 (procedural rights); *Winkelman v. Parma City School Dist.,* --- U.S. ----, 127 S. Ct. 1994, 167 L.Ed.2d 904 (2007) (substantive rights).

[3] 20 U.S.C. § 1415(m)(1).

2

    (b)    all other rights accorded to parents under this act transfer to the person;

    (c)    the agency shall notify the person and the parents of the transfer of rights; and

    (d)    all rights accorded to parents under this act transfer to the person if incarcerated in an adult or juvenile federal, state or local correctional institution.

Here, there has been no showing that Robert is incompetent or otherwise incapable of asserting his own legal interests. Neither has there been a showing that Kathleen Neville is Robert's legal guardian. As such, Kathleen Neville's rights under the IDEA as the parent of a disabled child – and whatever measure of standing these rights conferred – were transferred to Robert on his 18th birthday pursuant to 20 U.S.C. § 1415(m)(1) and K.S.A. 72-989. The fact that Robert was a minor when his constitutional rights allegedly were violated and a minor when the underlying administrative complaint was filed does not change this result. The law is clear that all rights accorded to Kathleen Neville as a parent under the IDEA transfer to the child when he turns eighteen years of age.

For the reasons stated above, the Court finds that Kathleen Neville lacks standing under the IDEA to bring this lawsuit and thus Defendant's Motion to Dismiss (doc. 14) Kathleen Neville as a party-plaintiff in this action is granted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of October, 2007.

                                                s/ David J. Waxse
                                                David J. Waxse
                                                United States Magistrate Judge

cc:    All counsel and *pro se* parties